UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

EDWARD R. DUMBRIQUE,

        Plaintiff,

vs.

BRUNNER, et. al.,

        Defendants.

No. C 14-2598 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state prisoner at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff states that defendants retaliated against him for engaging in two separate hunger strikes.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  *Accord Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline).

1    A prisoner must at least allege that he suffered harm, since harm that is more than
minimal will almost always have a chilling effect. *Rhodes*, 408 F.3d at 567-68 n.11; see
*Gomez v. Vernon*, 255 F.3d 1118, 1127-28 (9th Cir. 2001) (prisoner alleged injury by
claiming he had to quit his law library job in the face of repeated threats by defendants to
transfer him because of his complaints about the administration of the library).

   In order to recover damages for an allegedly unconstitutional conviction or
imprisonment, or for other harm caused by actions whose unlawfulness would render a
conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or
sentence has been reversed on direct appeal, expunged by executive order, declared
invalid by a state tribunal authorized to make such determination, or called into question by
a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477,
486-487 (1994). *Heck* also bars a claim for using the wrong procedures in a disciplinary
hearing that resulted in the deprivation of time credits if "the nature of the challenge to the
procedures [is] such as necessarily to imply the invalidity of the judgment." *Edwards v. Balisok*, 520 U.S. 641, 645 (1997).

   Plaintiff states that prison officials circulated a letter to inmates on September 27,
2011, which stated that participating in a mass disturbance such as a hunger strike or work
stoppage could result in disciplinary action. Approximately two years later plaintiff chose to
participate in two hunger strikes and received Rules Violation Reports for his participation.
As a result, plaintiff was assessed 90 loss of credits and other privileges. Plaintiff contends
that the Rules Violation Reports were in retaliation for engaging in a hunger strike.
However, plaintiff was notified well in advance that engaging in a mass disturbance hunger
strike could result in disciplinary action and prison officials trying to prevent mass
disturbances appears to advance a legitimate correctional goal. In the complaint, plaintiff
notes that he is not seeking restoration of his lost credits, yet he is seeking monetary
damages which would call into question the underlying disciplinary finding. This claim will
be dismissed with leave to amend for plaintiff to address these issues.

Plaintiff also states that during one of the hunger strikes a defendant guard yelled in a loud voice in plaintiff's housing unit that plaintiff needed to pack up his property and get ready to move to the debriefer[1] unit. Plaintiff responded that he was not a debriefer but the defendant stated that plaintiff had to move. Plaintiff states a week later that another defendant guard yelled that plaintiff needed to report to the "D Pod" where the debriefers and hunger strikers were reporting. Plaintiff alleges that by referring to him as a debriefer he could be harmed by other inmates. This claim is also dismissed with leave to amend for plaintiff to provide more information to demonstrate retaliation. That inmates who were engaged in a hunger strike were moved to a different part of the prison where debriefers were also located does not necessarily show retaliation. Plaintiff should provide additional information to demonstrate a constitutional violation other than what different inmates were told by guards. Plaintiff must also address how this aspect of the claim is not barred by *Heck*.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed no later than **September 5, 2014**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

---

[1] It appears that plaintiff is referring to a gang debriefing.

4

**IT IS SO ORDERED.**

Dated: July 31, 2014.

_____
PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.14\Dumbrique2598.dwlta.wpd